IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.W., a minor, by and through his mother, JEANIE ULICNY | : : : | |
| Plaintiff, | : : | |
| vs. | : : | Civil Action No. _____ |
| ACT, INC., | : : : | |
| Defendant. | : | |

**VERIFIED COMPLAINT**

1.  Defendant creates and administers the ACT national college entrance examination ("the ACT exam"). Defendant also sells a service, called the Test Information Review ("the TIR service"), through which ACT exam-takers may purchase access to the exam booklet, answer key, and their answers to the ACT so that they can improve their performance on subsequent ACT exams—and, in turn, their chances of admission to highly competitive colleges and universities.

2.  Defendant refuses to allow certain persons with disabilities (namely, those who, like Plaintiff M.W., Defendant cannot reasonably accommodate at its national testing centers) to purchase their TIR service. This places M.W. and other, similarly-situated disabled individuals at a disadvantage relative to ACT test-takers who can use their prior answers and Defendant's answer keys to prepare for subsequent ACT exams, improve their performance, and, by extension, improve their chances at admission to highly competitive colleges and universities.

3. Plaintiff M.W. accordingly brings this action for injunctive relief to remedy Defendant's violations of Title III of the Americans with Disabilities Act and thereby help provide a level playing field for all ACT exam-takers.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the ADA Title III claim in this case pursuant to 28 U.S.C. § 1331. Plaintiff's claim arises under the laws of the United States and the relief sought herein is within the power of the Court to grant. *See* 29 U.S.C. § 701, *et seq.* and 20 U.S.C. § 1681, *et seq.*

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the jurisdiction of this Court.

6. The Court has personal jurisdiction over Defendant ACT, Inc., which is incorporated and has its primary offices in Iowa, because Defendant has sufficient contacts within the jurisdiction of the Court. In particular, in 2017, Defendant provided and administered its college entrance exam to thousands of Pennsylvania students on no fewer than seven national testing days, and, on information and belief, on a similar or greater number of special testing days every year. Defendant requires each Pennsylvania test-taker and their parent(s)/guardian(s) to sign a contract and pay a fee prior to taking the exam. And, on information and belief, Defendant contracts with Pennsylvania residents and entities, including, but not limited to, Pennsylvania school districts and other Local Education Agencies, to facilitate the administration of its college entrance examination. *See Mellon Bank East PSFS Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

7. The Court is not deprived of jurisdiction over this matter by a binding arbitration provision that, on information and belief, Defendant inserts into all of its contracts with all ACT

test-takers in the United States. That binding arbitration provision provides, in pertinent part, that

> All disputes . . . that relate in any way to registering for or taking the ACT test, requesting or receiving accommodations or supports on the ACT test, the reporting of ACT test scores, or the use and disclosure of personal information by ACT, shall be resolved by a single arbitrator through binding arbitration administered by the American Arbitration Association . . . . **By agreeing to arbitration in accordance with these Terms and Conditions, you are waiving your right to have your dispute heard by a judge or jury.**

2018-2019 Terms and Conditions: Testing Rules and Policies for the ACT® Test (emphasis in original) (hereinafter "the Binding Arbitration provision").

8. But Defendant has represented through its Senior Counsel for Compliance that the TIR service is *not* related to the administration of the ACT exam. *See* July 10, 2018 Email from Jennifer K. Smith to Michael D. Raffaele (attached as Exhibit A) ("The TIR service is provided outside the context of administering the ACT.")

9. Defendant similarly represented through its Senior Compliance Counsel that ACT testing accommodations and the TIR service have nothing to do with one another. *See id.* ("Of paramount importance is for ACT to support students with disabilities with accessible test administration, which may include providing testing accommodations that cannot be provided on one of the designated national testing dates. We understand that this may result in the TIR not being available, but as outlined above, it is a limited service not available to all test taker on all test administration dates . . . .").

10. In addition, Defendant has made clear in public documents that the process of ACT exam score reporting and the TIR service are separate from one another. *See* ACT Test Scores, at http://www.act.org/content/act/en/products-and-services/the-act/scores.html.

11. Finally, while participating in the TIR service requires consent to Defendant's Privacy Policy, ACT's own policies do not define "personal information" to include the information given to ACT exam-takers as part of the TIR service. The Binding Arbitration provision accordingly is not applicable in this case.

## PARTIES

12. Plaintiff M.W. resides with his mother in Paoli, Pennsylvania. He is an honors student at Conestoga High School and plans to attend a four-year college.

13. As was known to Defendant at all times relevant to this action, M.W. is a qualified individual with a disability under Section 504 of the Rehabilitation Acts of 1973 and 1974 and under Title III of the Americans with Disabilities Act. Because of his disabilities, M.W. requires, and was granted by Defendant, the accommodation of 200% time to take the ACT exam.

14. Defendant ACT, Inc. is a not-for-profit corporation with an address of 500 ACT Drive, Iowa City, Iowa, 52243. It provides products and services for sale and therefore is, under Title III of the ADA, a public accommodation. *See* 42 U.S.C. § 12181.

## FACTS

15. M.W. is a qualified individual with a disability under Section 504 of the Rehabilitation Acts of 1973 and 1974 and the Americans with Disabilities Act. Defendant has conceded that he is a qualified individual with a disability and provided him with accommodations, including 200% time to take the ACT exam.

16. M.W. took the ACT exam for the first time in April 2018, and again in July 2018. He took the ACT exam at a special testing site on both occasions because Defendant takes the position that it cannot reasonably accommodate those who need 200% time at what it refers to as "national testing sites."

17. Defendant administers the ACT in two primary venues: at national testing sites on its national testing days, and at special administration sites on its special testing days. Certain persons—namely, nondisabled persons and persons whose disabilities that ACT will agree to accommodate at national testing sites—can choose between taking the ACT at a national testing site or at a special testing site. *See* Exhibit A.

18. Defendant only makes its TIR service available to those who take the ACT at a national testing site on a national testing day. *See id.* Those who can use one of Defendant's national testing sites can then review their test information reports to prepare for their next attempt at the ACT exam, improve their scores, and thereby improve their chances of admission at selective colleges and universities. *See id.*

19. Persons (like M.W.) who need more than 150% time to take the ACT exam, however, have no real choice in the matter. Defendant will not accommodate those test-takers at its national testing sites on national testing days. *See id.*

20. M.W. and similarly-situated individuals therefore face a dilemma: They must choose either to forego the reasonable accommodations to which they are legally entitled and take the ACT exam at a national testing site so as to remain eligible to purchase the TIR service, or to forego eligibility to purchase the TIR service so as to receive their reasonable testing accommodations at a special testing site.

21. Nondisabled ACT test-takers and ACT test-takers with disabilities that Defendant agrees to accommodate at its national testing sites face no such dilemma. They may freely choose to take an accessible ACT exam at a national testing site *and* remain eligible for the TIR service, or freely choose to take the ACT exam at a special testing site and thereby voluntarily surrender their eligibility for the TIR service.

22. Put differently, Defendant's policies regarding eligibility to purchase the TIR service require that M.W. must put himself at a disadvantage both when taking the ACT exam and in college admissions relative to other high-achieving students who have the real option to use a national testing site. Unlike those other students, M.W. must give up his right to his accommodations or give up his access to a valuable test preparation resource. His therefore does not have the full and equal enjoyment of Defendant's TIR service as a nondisabled person.

## COUNT I: VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

23. Plaintiff hereby incorporates each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

24. The TIR is a valuable service sold by Defendant that benefits ACT exam-takers. Defendant accordingly is a service provider and, thus, a "public accommodation" under Title III of the ADA. *See* 42 U.S.C. § 12181.

25. Title III of the ADA prohibits public accommodations like Defendant from discriminating against persons, like M.W., "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a).

26. The ADA specifically defines discrimination on the basis of disability to include "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, privileges, advantages, or accommodations . . . ." *See* 42 U.S.C. § 12182(b)(2)(A)(i).

27. Defendant, by making the TIR service available only to those who take the ACT at a national testing site, has imposed and applied an eligibility criterion for its TIR service that

tends to screen out individuals, like M.W., from fully and equally enjoying the services Defendant offers.

28. Defendant has thereby discriminated against M.W. and similarly-situated, disabled persons in violation of the Americans with Disabilities Act.

WHEREFORE, Plaintiff requests the following relief:

a) An order compelling Defendant to sell M.W. the TIR service for his ACT exams;

b) A permanent injunction requiring Defendant to alter its policies and practices so as to make the TIR service available to disabled persons, like M.W., whom Defendant does not accommodate at its national testing sites; and

c) Such other and further relief as appears reasonable and just.

Dated: 21 August 2018

Respectfully submitted,

Michael D. Raffaele (PA ID 91615)
Andrew Wollaston, Esq. (PA ID 322861)
Kershenbaum & Raffaele, LLC
1230 County Line Road
Bryn Mawr, PA 19010
T: (610) 922-4200
F: (610) 646-0888
Michael@MyKidsLawyer.com
Andrew@MyKidsLawyer.com

*Counsel for Plaintiff M.W.*

## VERIFICATION OF COMPLAINT

I, Jeanie Ulicny, parent of Plaintiff M.W., citizen of the United States and resident of Delaware County, Pennsylvania, hereby declare under penalty of perjury that I have read the foregoing Verified Complaint and the factual allegations therein, and the facts as alleged are true and correct.

Date: 21 August 2018

_____
Jeanie Ulicny, mother of M.W.